UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

FRANK BOMBINO
and other similarly-situated individuals,

       Plaintiff (s),

v.

SUNSHINE TRANSPORTATION SERVICE INC.
and YASIEL CABRE, individually.

       Defendants.

_____/

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b)

COMES NOW the Plaintiff FRANK BOMBINO, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants SUNSHINE TRANSPORTATION SERVICE INC., and YASIEL CABRE, individually and alleges:

1. This is an action to recover money damages for unpaid minimum and overtime wages under the laws of the United States.  This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act", (Section 216 for jurisdictional placement).

2. Plaintiff FRANK BOMBINO is a resident of Miami-Dade, Florida, and at the time relevant to this complaint he worked in the Miami-Dade County area, and he is within the jurisdiction of this Honorable Court.   Plaintiff is a covered employee for purposes of the Act.

3. Defendant SUNSHINE TRANSPORTATION SERVICE INC. (hereinafter SUNSHINE TRANSPORTATION) is a Florida corporation which has its place of business in Miami-Dade County and performed business in Miami-Dade County within the jurisdiction of this Court.  At all times material hereto, Defendant was and is engaged in interstate commerce.

4. The individual Defendant YASIEL CABRE was/and is now, owner/president of Defendant Corporation SUNSHINE TRANSPORTATION. This individual is the employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d).

5. All the actions raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

ALLEGATIONS COMMON TO ALL COUNTS

6. This cause of action is brought by Plaintiff as a collective action to recover from Defendants minimum and overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and  former employees similarly situated to Plaintiff ("the asserted class") who were misclassified as "Independent Contractors, and who worked in excess of forty (40) hours during one or more weeks on or after June 15, 2015, (the "material time") without being compensated minimum and overtime wages pursuant to the FLSA.  It is believed that Defendants employ more than 12 drivers working under the same terms and conditions as Plaintiff.

7. Corporate Defendant SUNSHINE TRANSPORTATION provides patient transportation services to different medical centers within the area of Miami-Dade County**.**

8.  Defendants SUNSHINE TRANSPORTATION and YASIEL CABRE employed Plaintiff FRANK BOMBINO as a non-exempt employee, from approximately June 15, 2015 through September 13, 2016, or 66 weeks.

9.  Plaintiff was hired as a driver, transporting patients from their homes to medical centers and then returning patients back home.  Plaintiff's schedule varied slightly, but most of the time he maintained a regular schedule. Plaintiff worked from Monday to Friday, minimum from 6:00 AM to 7:00 PM, (13 hours daily) or 65 hours per week.

10. Plaintiff was paid a daily rate of $130.00 per day,

11. During his time of employment with Defendants, Plaintiff FRANK BOMBINO was wrongly classified as an "Independent Contractor".  However, Plaintiff was an employee of Defendants under the FLSA, and IRS regulations.

12. Plaintiff was an employee of Defendants, under the protection of FLSA regulations because; 1) Plaintiff was a full time employee working a pre-set regular schedule; 2) Plaintiff worked for Defendants  consistently 65 hours weekly for a period of more than 66 weeks; 3)Plaintiff depended exclusively of his employment with Defendants, and he did not have any other job during his period of employment with Defendants; 4) Defendants had absolute control over Plaintiff's hours of work, they provided Plaintiff with his work schedule and assigned his duties and tasks; 5) Due to the nature of the business, Defendants monitored Plaintiff closely, demanding high velocity performing the transportation of patients; 6) Plaintiff did not have any discretion to perform his work assignments or authority to refuse them; 7) The work performed by Plaintiff was an integral part of the Defendants' business;   8) Plaintiff performed his work exclusively for Defendants'

customers; 9) Plaintiff reported to work every day at 6:00 AM or earlier, and finished his driving duties after 7:00 PM.

13. By reason of the foregoing, Plaintiff FRANK BOMBINO was an employee of SUNSHINE TRANSPORTATION, within the meaning of 29 U.S.C. § 203(e)(1). Defendants were the employers of Plaintiff within the meaning of 29 U.S.C. § 203 (d), and they were required to comply with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

14. Plaintiff, and other similarly situated individuals, were required to maintain and pay for safe, clean, legally operable, and insured vehicles. Plaintiff used his own personal vehicle to perform his work.  Nevertheless, Plaintiff was not reimbursed for gasoline, and car expenses such as gasoline, ($150.00 weekly); tolls ($20.00 weekly); car maintenance, ($83.00 weekly); and car insurance ($45.00 weekly or $180.00 monthly).  These car expenses totaled $298.00 very week.

15. Plaintiff worked 65 hours weekly.  However, due to his misclassification as independent contractor Plaintiff did not receive any additional payment for 25 overtime hours. Furthermore, Plaintiff was paid $130.00 daily or $650.00 weekly, but he was not reimbursed for $298.00 of gasoline and car expenses every week. These expenses reduced Plaintiff's wages to $352.00 weekly. Since Plaintiff worked a minimum average of 65 hours every week period, his hourly rate resulted in $5.41, which is less than the Federal Minimum Wage. (paid $352.00 weekly: 65 hours worked=$5.41 an hour).

16. Plaintiff received his weekly payment for an all-inclusive amount, without any description or specification for the amount paid for hours worked, car expenses, etc.

17. Therefore, during the relevant period, Defendants misclassified Plaintiff and failed to pay him minimum and overtime wages at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of FLSA provisions.

18. On or about September 13, 2016, Plaintiff was fired, he was told that there was not work for him.

19. Plaintiff FRANK BOMBINO and all others similarly situated individuals were victims of Defendants' common policy and practices which enabled them to violate overtime provisions of the Fair Labor Standards Act.

20. Plaintiff seeks to recover unpaid minimum and overtime wages, accumulated during the relevant period of employment, liquidated damages, and any other relief as allowable by law.

21. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were misclassified as "Independent Contractors", not being paid minimum and overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**

22. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

23. This action is brought by Plaintiff FRANK BOMBINO and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29

U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

24. Defendant SUNSHINE TRANSPORTATION was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).  Defendant is a patient transportation service company that participated in interstate commerce. Defendant provided transportation services to Medicaid recipients participating in programs funded by State and Federal agencies. Defendant also engaged in interstate commerce by using the instrumentalities of interstate commerce. Defendant has more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employers/Defendants was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.  Therefore, there is FLSA enterprise coverage.

25. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce.  Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce.  Plaintiff as a driver, provided transportation services to Medicaid patients participating in programs of State and Federal agencies. Therefore, there is FLSA individual coverage.

26. Defendant SUNSHINE TRANSPORTATION employed Plaintiff FRANK BOMBINO as a patient transportation driver, from approximately June 15, 2015, through September 13, 2016, or 66 weeks.

27. During his time of employment with Defendant, Plaintiff FRANK BOMBINO was wrongly classified as an "Independent Contractor or Vendor".  However, Plaintiff was an employee of Defendants under the Department of Labor, and IRS regulations.

28. Plaintiff FRANK BOMBINO was an employee of SUNSHINE TRANSPORTATION, within the meaning of 29 U.S.C. § 203(e)(1). Defendant was the employer of Plaintiff within the meaning of 29 U.S.C. § 203 (d), and they were required to comply with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

29. During his time of employment with Defendant, Plaintiff and those similarly-situated, regularly worked an average of more than 40 hours per week without receiving proper payment for every hour in excess of forty, in violation of Section 7 (a) of the FLSA.

30. Plaintiff's schedule varied slightly, but most of the time he maintained a regular schedule. Plaintiff worked from Monday to Friday, minimum from 6:00 AM to 7:00 PM, (13 hours daily) or 65 hours per week. Plaintiff was unable to take lunch breaks.

31. Regardless of the hours worked, Plaintiff was paid at the rate of $130.00 daily or $650.00 weekly.  Plaintiff was paid bi-weekly with checks without paystubs providing basic information such as wage rate, hours worked, employment taxes withheld etc. etc.

32. Plaintiff and other similarly situated employees were paid with checks. The checks were not accompanied by paystubs or records providing information regarding any accounting of hours worked or classification of the employee's labor, withholdings of employment taxes, deductions or reimbursement made.

33. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

34. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain time records of hours worked by Plaintiff and other employees.

35. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

*These are preliminary calculations, subjected to modification as discovery would dictate

   a.  <u>Total amount of alleged half-time unpaid O/T wages</u>:

       Eight Thousand Two Hundred Fifty Dollars and 00/100 ($8,250.00)

   b.  <u>Calculation of such wages</u>:

       Total relevant weeks of employment:  66 weeks
       Total number of hours worked:  65 hours weekly
       Total number or paid hours: 65 hours
       Total number of unpaid overtime hours: 25 hours
        Wage rate: $130 daily x 5 days = $650.00 weekly
        Paid weekly: $650.00: 65 hours worked = $10.00 an hour
        Regular rate:  $10.00: 2 = $5.00 half-time

       Half-time $5.00 x 25 O/T hours = $125.00 weekly x 66 weeks = $8,250.00

   c.  <u>Nature of wages (e.g. overtime or straight time)</u>:

       This amount represents unpaid half-time overtime wages.

36. Therefore, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to

properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

37. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

38. At the times mentioned, individual Defendant YASIEL CABRE was the owner/partner/officer and manager of SUNSHINE TRANSPORTATION. This individual defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that the individual Defendant acted directly in the interests of SUNSHINE TRANSPORTATION in relation to their employees, including Plaintiff and others similarly situated. Defendant YASIEL CABRE had financial and operational control of the corporation, determined terms, working conditions, and provided Plaintiff and other similarly situated employees with their work schedule. Defendant YASIEL CABRE is jointly liable for Plaintiff's damages.

39. Defendants SUNSHINE TRANSPORTATION and YASIEL CABRE willfully and intentionally misclassified Plaintiff as an Independent Contractor and refused to pay Plaintiff overtime wages as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

40. Plaintiff seeks to recover his unpaid overtime wages accumulated during his time of employment with Defendants as allowable by law.

41. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff FRANK BOMBINO and those similarly-situated respectfully requests that this Honorable Court:

A.  Enter judgment for Plaintiff FRANK BOMBINO and other similarly-situated individuals and against the Defendants SUNSHINE TRANSPORTATION, and YASIEL CABRE on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B.  Award Plaintiff FRANK BOMBINO actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff FRANK BOMBINO and those similarly-situated demand trial by jury of all issues triable as of right by jury.

**<u>COUNT II:</u>**
**<u>F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS</u>**

42. Plaintiff FRANK BOMBINO re-adopts each and every factual allegation as stated in paragraphs 1-21 of this complaint as if set out in full herein.

43. This action is brought by Plaintiff FRANK BOMBINO and those similarly-situated to recover from the Employer SUNSHINE TRANSPORTATION unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

44. Defendant SUNSHINE TRANSPORTATION was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a patient transportation service company that participated in interstate commerce. Defendant provided transportation services to Medicaid recipients participating in programs funded by State and Federal agencies. Defendant also engaged in interstate commerce by using the instrumentalities of interstate commerce. Defendant has more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employers/Defendants was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

45. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff as a driver, provided transportation

services to Medicaid patients participating in programs of State and Federal agencies. Therefore, there is FLSA individual coverage.

46. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85  an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

47. Defendant SUNSHINE TRANSPORTATION employed Plaintiff FRANK BOMBINO as a non-exempt employee, from approximately June 15, 2015 through September 13, 2016, or 66 weeks.

48. Plaintiff was hired as a driver, transporting patients from their homes to medical centers. Plaintiff's schedule varied slightly, but most of the time he maintained a regular schedule. Plaintiff worked from Monday to Friday, minimum from 6:00 AM to 7:00 PM, (13 hours daily) or 65 hours per week.

49. During his time of employment with Defendant, Plaintiff FRANK BOMBINO was wrongly classified as an "Independent Contractor".  However, Plaintiff was an employee of Defendant under the FLSA, and IRS regulations.

50. Plaintiff FRANK BOMBINO was an employee of SUNSHINE TRANSPORTATION, within the meaning of 29 U.S.C. § 203(e)(1). Defendant was the employers of Plaintiff

within the meaning of 29 U.S.C. § 203 (d), and they were required to comply with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

51. Plaintiff, and other similarly situated individuals, were required to maintain and pay for safe, clean, legally operable, and insured vehicles. Plaintiff used his own personal vehicle to perform his work.  Nevertheless, Plaintiff was not reimbursed for gasoline, and car expenses such as gasoline, ($150.00 weekly); tolls ($20.00 weekly); car maintenance, ($83.00 weekly); and car insurance ($45.00 weekly or $180.00 monthly).  These car expenses totaled $298.00 every week.

52. Plaintiff was paid $130.00 daily or $650.00 weekly, but he was not reimbursed for $298.00 of gasoline and car expenses every week. These expenses reduced Plaintiff's wages to $352.00 weekly. Since Plaintiff worked a minimum average of 65 hours every week period, his hourly rate resulted in $5.41, which is less than the Federal Minimum Wage. (paid $352.00 weekly: 65 hours worked=$5.41 an hour).

53. Therefore, during the relevant period, Defendants misclassified Plaintiff and failed to pay him minimum wages, in violation of FLSA provisions.

54. The records, if any, concerning the number of hours actually worked by Plaintiff FRANK BOMBINO, and all other similarly-situated employees, and the compensation actually paid to such employees, should be in the possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

55. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

56. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*These are preliminary calculations, subjected to modifications after proper discovery.

    a.  <u>Total amount of alleged unpaid wages</u>:

        Seven Thousand Eight Hundred Ninety-Three Dollars and 60/100 ($7,893.60)

    b.  <u>Calculation of such wages</u>:

        Total relevant weeks of employment:  66 weeks
        Total number of hours worked:  65 hours weekly
        Wage rate: $130 daily x 5 days = $650.00 weekly
        Paid weekly: $650.00- $298.00 car expenses= $352.00
        $352.00: 65 hours worked = $5.41 an hour
        Federal minimum wage: $7.25 - $5.41 paid = $1.84 difference

        $1.84 difference x 65 hours weekly=$119.60 weekly x 66 weeks=$7,893.60

    c.  <u>Nature of wages</u>:

        This amount represents unpaid minimum wages.

57. Defendant SUNSHINE TRANSPORTATION unlawfully failed to pay Plaintiff minimum wages as required by the Fair Labor Standards Act.

58. Defendant SUNSHINE TRANSPORTATION knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these minimum wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

59. At the times mentioned, individual Defendant YASIEL CABRE was the owner/partner/officer and manager of SUNSHINE TRANSPORTATION.  This individual

defendant was the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that the individual Defendant acted directly in the interests of SUNSHINE TRANSPORTATION in relation to their employees, including Plaintiff and others similarly situated.  Defendant YASIEL CABRE had financial and operational control of the corporation, determined terms, working conditions, and provided Plaintiff and other similarly situated employees with their work schedule.  Defendant YASIEL CABRE is jointly liable for Plaintiff's damages.

60. Defendants SUNSHINE TRANSPORTATION, and YASIEL CABRE willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States as set forth above, and remain owing Plaintiff these minimum wages.

61. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff FRANK BOMBINO and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff FRANK BOMBINO and against the Defendants SUNSHINE TRANSPORTATION, and YASIEL CABRE on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff FRANK BOMBINO and those similarly-situated demand trial by jury of all issues triable as of right by jury.

DATED: January 4, 2017

                                        Respectfully submitted,

                                        By:  _/s/ **Zandro E. Palma**_____
                                        ZANDRO E. PALMA, P.A.
                                        Florida Bar No.: 0024031
                                        9100 S. Dadeland Blvd.
                                        Suite 1500
                                        Miami, FL 33156
                                        Telephone: (305) 446-1500
                                        Facsimile:  (305) 446-1502
                                        zep@thepalmalawgroup.com
                                        *Attorney for Plaintiff*