UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:17-cv-20032-JAL

FRANK BOMBINO,
and other similarly situated individuals,

    Plaintiff,

v.

SUNSHINE TRANSPORTATION SERVICE, INC.,
and YASIEL CABRE, individually,

    Defendants.

_____/

## JOINT MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENT AND DISMISSING CASE WITH PREJUDICE

Plaintiff, FRANK BOMBINO (hereinafter, "Plaintiff"), and Defendants, SUNSHINE TRANSPORTATION SERVICE, INC., and YASIEL CABRE, individually (hereinafter, collectively "Defendants"), by and through undersigned counsel, hereby jointly request that this Court approve the settlement reached in this case and dismiss this case with prejudice, and in support thereof, state:

### MEMORANDUM OF LAW

**I.**   **Legal Principles**

This is an action brought by Plaintiff for alleged unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 210 *et. seq.* Defendants have denied any and all liability with regards to any alleged unpaid overtime to Plaintiff in this action.

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which contested claims under the FLSA can be settled and released by employees. First, section 216(c) of

the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. See 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id.* In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiff against his alleged former employers, which was adversarial in nature.

The Parties agree that the instant action involves disputed issues. Although Defendants dispute their liability for any overtime payments to Plaintiff, they have ultimately agreed to pay Plaintiff in full settlement of the disputed claims.

## II.   Terms of Settlement

1. This case involves claims made by the Plaintiff for unpaid overtime wages under the FLSA.

2. During the course of litigation, the parties reached a settlement between them that resolved all of Plaintiff's claims. After the Plaintiff settled his claims with the Defendants, separate and apart, Defendants agreed to also settle Plaintiff's counsel's attorney's fees and costs.

3. Plaintiff and Defendants herein state that the settlement reached between them with respect to Plaintiff's claimed FLSA damages represents a fair and reasonable resolution of disputed claims and that the terms of the settlement are acceptable to both Plaintiff and Defendants. Moreover, Plaintiff's attorneys' fees and costs were negotiated separately and without regard to the amount paid to Plaintiff. The parties agree that the amount of attorney's fees and costs agreed upon represents reasonable attorneys' fees and costs.

4. In settlement, Plaintiff has been paid a total of $2,500.00. The parties agree that this amount represents fair and reasonable compensation of a disputed claim. Notwithstanding, the parties agree that there is a genuine dispute both as to whether or not Plaintiff worked the alleged number of hours worked on a weekly basis, and whether or not Plaintiff was in fact paid for all hours Plaintiff allegedly worked on a weekly basis.

5. The amount of this settlement to the Plaintiff is fair and reasonable given the likelihood of success on the merits of the claims and the costs of defending and litigating this matter. This settlement was arrived at after considerable negotiation

by the parties and the Defendants do not admit any liability in this action.

6. Negotiated separate and apart, Plaintiff's counsel shall receive $2,750.00 in attorney's fees and $500.00 in costs incurred to date in this action, including preparation and/or review of all settlement documents. All of Plaintiff's counsel's attorney's fees and costs were agreed upon separately and without regard to the amount paid to the Plaintiff in settlement of his FLSA claims, and Plaintiff's recovery was not adversely affected by the amount of fees and costs paid to his attorney. Plaintiff's counsel has expended over 17 hours on this matter to date. Additionally, Plaintiff's counsel has incurred approximately $500.00 in costs. Plaintiff's counsel, who has over 10 years of experience litigating employment related matters, charges an hourly rate of $350.00. Notwithstanding, Plaintiff's counsel's attorney's fees and costs were compromised and reduced in good faith in order to make settlement possible, and Plaintiff's recovery was not adversely affected by the amount of fees and costs paid to his attorney.

7. The parties' settlement agreement is attached hereto as **Exhibit A** for the Court's consideration.

8. Having agreed to the terms of the settlement reached, the Plaintiff and the Defendants respectfully request that this Honorable Court approve the settlement between the parties.

9. Accordingly, the parties request that this Court approve the Settlement attributed to Plaintiff's FLSA claims, and thereafter dismiss this action with prejudice, with the Court retaining jurisdiction to enforce the terms of the settlement, and otherwise deny any pending Motions as moot.

10. A proposed order is provided herewith.

WHEREFORE, the Parties respectfully request this Honorable Court approve the parties' settlement, dismiss this action with prejudice, and retain jurisdiction to enforce the terms of the settlement agreement.

DATED this 3 1 day of ~~April~~ MAY 2017.

Respectfully submitted,

/s/Zandro E. Palma
Zandro E. Palma, Esq.
Florida Bar No.: 0024031

**ZANDRO E. PALMA, P.A.**
9100 S. Dadeland Blvd., Suite 1500
Miami, Florida 33156
Telephone No.: (305) 446-1500
Facsimile No.: (305) 446-1502
zep@ThePalmaLawGroup.com

*Attorney for Plaintiff*

/s/Jay M. Levy
Jay M. Levy, Esq.
Florida Bar No.: 219754

**JAY M. LEVY, P.A.**
9150 South Dadeland Boulevard
Dadeland Centre II, Suite 1010
Miami, Florida 33156
Telephone No: (305) 670-8100
Email: jay@jaylevylaw.com

*Attorney for Defendants*